**AFFIRMED as Modified; Opinion Filed March 30, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00329-CR
No. 05-14-00330-CR

**DANIEL URBINA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F07-23478-U, F08-00824-U**

## MEMORANDUM OPINION

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Lang

Daniel Urbina appeals his convictions, following adjudication of his guilt, for possession of cocaine in an amount less than one gram and injury to a child. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010); TEX. PENAL CODE ANN. §22.04(a)(3) (West Supp. 2014). In two issues, appellant contends the judgments should be modified to correctly reflect his pleas to the motions to adjudicate and the conditions of supervision he was found to have violated. We modify the trial court's judgments adjudicating guilt and affirm as modified.

The State's motions to adjudicate guilt alleged appellant violated five conditions of community supervision: (1) condition (A), by committing the offense of assault family violence;

(2) condition (G), by traveling outside the county without permission; (3) condition (J), by failing to pay community supervision fees; (4) condition (L), by failing to complete community service hours as directed; and (5) condition (Q), by failing to participate in counseling and continue counseling as required and by failing to submit to a penile plethysmograph assessment by a therapist or supervision officer. At a hearing on the motions, the State moved to strike the allegation regarding the violation of condition (A), and the trial court granted that motion. Appellant pleaded true to the allegations that he violated conditions (G), (J), and (L) and pleaded not true to the allegation that he violated condition (Q). The trial court found true all of the remaining allegations, granted the State's motions, and adjudicated appellant guilty in each case. The trial court assessed punishment at one year's confinement in state jail on the cocaine case and ten years' imprisonment on the injury to a child case.

Appellant asks that we modify the judgments adjudicating guilt to reflect he pleaded not true to violating condition (Q), and to correctly reflect the conditions of community supervision he was found to have violated. The State agrees the judgments should be modified in the manner appellant requested.

The judgments adjudicating guilt incorrectly recite that appellant pleaded true to the "motion to adjudicate." Accordingly, we sustain appellant's issues.

In each case, we modify the judgment adjudicating guilt to show the "plea to motion to adjudicate" was "Not True to Condition (Q); True to Conditions (G), (J), (L)" and that the trial court found appellant violated conditions (G), (J), (L), and (Q) as alleged in the State's amended motion to adjudicate. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

We note the judgment adjudicating guilt in cause no. 05-14-00330-CR also incorrectly recites the statute for the offense as "21.11 Penal Code," the statute for indecency with a child. Appellant was indicted for, pleaded guilty to, and was convicted of injury to a child under statute 22.04. *See* TEX. PENAL CODE ANN. §22.04(a)(3). Accordingly, we modify the judgment adjudicating guilt to show the statute for the offense is "22.04 Penal Code."

As modified, we affirm the trial court's judgments adjudicating guilt.


/ Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140329F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANIEL URBINA, Appellant

No. 05-14-00329-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F07-23478-U).
Opinion delivered by Justice Lang, Justices Stoddart and Schenck participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Plea to Motion to Adjudicate" is modified to show "Not True to Condition (Q); True to Conditions (G), (J), (L)."

The section entitled "(5) While on community supervision, Defendant violated" is modified to show "(5) While on community supervision, Defendant violated conditions (G), (J), (L), and (Q) of community supervision as set out in the State's amended motion to adjudicate guilt."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 30th day of March, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANIEL URBINA, Appellant

No. 05-14-00330-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F08-00824-U).
Opinion delivered by Justice Lang, Justices Stoddart and Schenck participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "22.04 Penal Code."

The section entitled "Plea to Motion to Adjudicate" is modified to show "Not True to Condition (Q); True to Conditions (G), (J), (L)."

The section entitled "(5) While on community supervision, Defendant violated" is modified to show "(5) While on community supervision, Defendant violated conditions (G), (J), (L), and (Q) of community supervision as set out in the State's amended motion to adjudicate guilt."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 30th day of March, 2015.